UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MADALYN BROWN, et al., | Case No.  5:21-cv-01155-EJD |
| Plaintiffs, | **ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES** |
| v. | |
| ACCELLION, INC., | Re: Dkt. No. 37 |
| Defendant. | |

Plaintiff Grace Beyer ("Plaintiff") in *Beyer v. Flagstar Bancorp, d/b/a Flagstar Bank*, No. 5:21-cv-02239-EJD, brings this motion requesting that all current and future related putative class actions concerning the December 2020 Accellion, Inc. ("Accellion") data breach be consolidated under the title *In re Accellion, Inc. Data Breach Litigation*.  Additionally, Plaintiff requests that the Court establish an abbreviated briefing schedule for filing applications seeking appointment of interim co-lead class counsel pursuant to Rule 23(g).  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.[1]

## I.    BACKGROUND

The *Beyer* case is one of 15 related cases (the "Related Cases") filed against Accellion as a result of a cyberattack and data breach of Accellion's File Transfer Appliance ("FTA') software, which it used to securely transfer large files.  On December 23, 2020, Accellion disclosed to several of its clients who license Accellion's FTA that it was the target of a cyberattack.  Accellion

---

[1] The Court concludes that the motion is suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).

United States District Court
Northern District of California

1   also informed its impacted clients that the breach exposed personal identifying information ("PII")

2   and other sensitive information, which clients submitted to Accellion.  *See* Mot. to Consolidate

3   Cases and Set Scheduling Deadlines ("Mot."), Dkt. No. 37 at 7.  The Related Cases all allege that

4   unauthorized third parties exploited vulnerabilities in the FTA software to gain access to data

5   stored in or transferred by the Accellion clients' FTA systems.  *Id*. at 8.  The plaintiffs in the

6   Related Cases purport to represent classes including customers, employees, applicants, or others

7   who provided information to the impacted Accellion clients.  Although Accellion is named as a

8   defendant in every case, some plaintiffs have additionally asserted claims against certain Accellion

9   clients.  The following nine cases name Accellion as the sole defendant:

10   - *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, filed February 17, 2021;

11   - *Zebelman v. Accellion, Inc.*, No. 5:21-cv-01203-EJD, filed February 18, 2021;

12   - *Rodriguez v. Accellion, Inc.*, No. 5:21-cv-01272-EJD, filed February 22, 2021;

13   - *Stobbe v. Accellion, Inc.*, No 5:21-cv-01353-EJD, filed February 24, 2021;

14   - *Price v. Accellion, Inc.*, No. 3:21-01430-EJD, filed February 26, 2021;

15   - *Bolton v. Accellion, Inc.*, No. 5:21-cv-01645-EJD, filed March 8, 2021;

16   - *Whittaker v. Accellion, Inc.*, No. 5:21-cv-01708-EJD, filed March 11, 2021;

17   - *Sharp v. Accellion, Inc.*, No. 5:21-cv-02525-EJD, filed April 7, 2021; and

18   - *Desjardins v. Accellion, Inc.*, No. 5:21-cv-04743-EJD, filed June 22, 2021

19   Six cases name Accellion and either Kroger, Flagstar Bank, or Health Net as defendants

20   (the "Accellion Client Cases"):

21   - *Cochran v. The Kroger Co.* and *Accellion, Inc.*, No. 5:21-cv-01887-EJD, filed March 17, 2021;

22   - *Beyer v. Flagstar Bank and Accellion, Inc.*, No. 5:21-cv-02239-EJD, filed March 30, 2021;

23   - *Pollard v. Accellion, Inc. and Flagstar Bank*, No. 5:21-cv-02572-EJD, filed April 8, 2021;

24   - *Vunisa v. Health Net LLC, et. al.*, No. 5:21-cv-03425-EJD, filed April 6, 2021 (removed May

25   7, 2021);

26   - *Doe v. Health Net of California, Inc., Health Net LLC and Accellion, Inc.*, No. 5:21-cv-02975

27   Case No.: 5:21-cv-01155-EJD
28   ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING
     DEADLINES

2

United States District Court
Northern District of California

1   EJD, filed April 23, 2021; and

2   • *Harbour v. California Health & Wellness Plan, et. al.*, No. 5:21-cv-03322-EJD, filed May 4,

3       2021.

4         Plaintiff filed this motion on April 7, 2021, which Accellion joined in supporting.  *See*

5   Mot.  Plaintiffs in three of the Related Cases filed oppositions to the motion— the plaintiffs in

6   *Brown* and *Whittaker* filed a joint opposition ("Brown Opp'n"), *see* Dkt. No. 40, while Plaintiff

7   Susan Zebelman filed a separate opposition ("Zebelman Opp'n"), *see* Dkt. No. 41.  Plaintiff and

8   Accellion each filed a reply in support of the motion.  *See* Beyer Reply in Support of Mot. to

9   Consolidate Cases and Set Scheduling Deadlines, ("Beyer Reply"), Dkt. No. 47; Accellion Reply

10  in Support of Plaintiff Grace Beyer's Motion to Consolidate Cases, ("Accellion Reply"), Dkt. No.

11  48.

12  **II.   LEGAL STANDARD**

13        "When actions involving a common question of law or fact are pending before the court,

14  it . . . may order all the actions consolidated."  Fed. R. Civ. P. 42(a).  The "district court has broad

15  discretion under this rule to consolidate cases pending in the same district."  *Invs. Rsch. Co. v.*

16  *U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).  "In determining whether

17  or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the

18  potential for delay, confusion, and prejudice.'"  *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d

19  1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp.

20  805, 806-07 (N.D. Cal. 1989)).

21  **III.   DISCUSSION**

22        All parties, including the plaintiffs in *Brown, Whittaker*, and *Zebelman*, agree that the

23  Court should consolidate the cases that have been filed against Accellion as a sole defendant.  The

24  parties diverge however on whether a consolidation order should include the six remaining

25  cases—which name Accellion along with Kroger, Flagstar, or Health Net—or require them to

26  proceed separately.

27  Case No.: 5:21-cv-01155-EJD

28  ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING
    DEADLINES

        United States District Court
        Northern District of California

As a preliminary matter, the Court finds that each case filed against only Accellion presents substantially similar factual and legal issues.  The focus in each case is the Accellion data breach, and plaintiffs allege the same damages and assert similar counts, including claims for negligence, invasion of privacy, violations of consumer protection statutes, and violations of data privacy laws based on their PII or other sensitive information being exposed to third parties without their authorization.  Additionally, each case is in the same procedural stage because Accellion has not yet filed an answer or responsive motion.  Further, since the claims for each case arise from the same or similar set of circumstances, discovery issues relating to each case will be parallel.  In addition, there appears to be no basis to find that consolidation would cause inconvenience, delay, or expense, especially since the parties appear to agree with the consolidation request.  As such, the Court finds consolidation appropriate for the cases that have been filed against Accellion as a sole defendant.  The Court now turns to the question of whether the consolidation order should include the six Accellion Client Cases.

The opposing plaintiffs assert that there are unique factual and legal questions raised by the Accellion Client Cases which weigh against including them in the consolidation.  This argument is not persuasive however because initially, Accellion is still named in all the Accellion Client Cases.  Further, the factual and legal issues as they pertain to Accellion are the same in every case. The Brown opposition's reliance on *Pacific Recovery Solutions v. Cigna Behavioral Health, Inc.* to distinguish the Accellion Client Cases from those only naming Accellion is also misplaced.  *See* Brown Opp'n at 8.  In *Pacific Recovery*, the Court denied consolidation where the two cases shared a common issue, but beyond the common issue, the two cases involved significant differences in fact and law.  *See Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, No. 5:20-cv-02251-EJD, 2021 WL 577394, at *4-5 (N.D. Cal. Feb. 16, 2021).  Here, the unique client specific facts that the oppositions claim defeat consolidation are relevant in the Accellion only cases as well.  The asserted claims in the Accellion Client Cases arise from the alleged compromise of information collected, transferred, and/or store by the clients through Accellion's FTA system.

Case No.: 5:21-cv-01155-EJD
ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES

United States District Court
Northern District of California

1    Therefore, the conduct and culpability of Accellion's clients will be at issue in every case

2    including those only naming Accellion as a defendant.

3        Additionally, all the Related Cases are in the same procedural stage—neither Accellion nor

4    the named Accellion clients have filed an answer or responsive motion. Moreover, since the

5    claims for each case arise from the same or similar set of circumstances, discovery issues relating

6    to each case will be parallel.  Still, the *Brown* and *Whittaker* plaintiffs assert that including the

7    Accellion Client Cases in the consolidation would result in "inconvenience, delay, and additional

8    expense."  *Brown* Opp'n at 7.  The Court disagrees.  Consolidating the Accellion-only cases and

9    not including the Accellion Client Cases could create duplicative and overlapping discovery

10   efforts, pretrial motions, class certification filings relating to similar or the same classes, and other

11   case management issues, which would result in what Rule 42(a) is aimed at avoiding: inefficiency.

12   *Tehrani v. Int'l Cycle Works, Inc.*, 2007 WL 6548862, at *1 (C.D. Cal. June 18, 2007) ("The

13   purpose of consolidation is to enhance court efficiency and to avoid substantial danger of

14   inconsistent adjudications.").  Instead, consolidating all the identified cases will allow the cases to

15   proceed at the same pace, promote judicial economy by lessening the Court's burden of managing

16   the Related Cases, and streamline the parties' discovery and briefing efforts as Accellion's clients

17   impacted by the data breach will inevitably be involved.

18       The Court accordingly will include the Accellion Client Cases in the consolidation with

19   one exception.  The Court will defer ordering that *Cochran v. The Kroger Co.* and *Accellion, Inc.*,

20   No. 5:21-cv-01887-EJD be a part of the consolidation at this time as the Court is set to hear a

21   motion for final approval of class action settlement on March 24, 2022 in *Cochran*.  The Court

22   intends to address the consolidation question with the *Cochran* parties at that time.

23

24

25

26

27

28

United States District Court
Northern District of California

**IV.    ORDER**

Based on the foregoing, the Motion to Consolidate is **GRANTED**.  The Court hereby **ORDERS** as follows:

<u>**Consolidation**</u>

(1)    The Clerk of the Court shall consolidate case numbers: 5:21-cv-01155-EJD, 5:21-cv-01203-EJD, 5:21-cv-01272-EJD, 5:21-cv-01353-EJD, 5:21-01430-EJD, 5:21-cv-01645-EJD, 5:21-cv-01708-EJD, 5:21-cv-02239-EJD, 5:21-cv-02525-EJD, 5:21-cv-02572-EJD, 5:21-cv-02975-EJD, 5:21-cv-03322-EJD, 5:21-cv-03425-EJD, 5:21-cv-04743-EJD.

Once consolidated, the Clerk shall close 5:21-cv-01203-EJD, 5:21-cv-01272-EJD, 5:21-cv-01353-EJD, 5:21-01430-EJD, 5:21-cv-01645-EJD, 5:21-cv-01708-EJD, 5:21-cv-02239,  5:21-cv-02525-EJD, 5:21-cv-02572-EJD, 5:21-cv-02975-EJD, 5:21-cv-03322-EJD, 5:21-cv-03425-EJD, 5:21-cv-04743-EJD.

(2)    The terms of this Order ("CMO") shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.  The terms of this CMO and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses under the Federal Rules of Civil Procedure or any other statute or common law to the Actions, or any subsequently filed consolidated or related action.

<u>**Master Docket and Master File**</u>

(3)    A Master Docket and Master File are hereby established for the Related Cases. The Master File number shall be 21-cv-01155.  A Master Docket will be maintained for the Related Cases with all entries to be docketed under the Master File number.  If a document pertains to only one or some of the consolidated cases, it will be docketed on the Master Docket with the notation in the docket text as to the case numbers to which it pertains.

United States District Court
Northern District of California

(4)     Separate docket numbers shall be terminated in accordance with the regular

procedures of the Clerk of this Court, and any pending schedules, deadlines, or dates in the

5:21-cv-01203-EJD, 5:21-cv-01272-EJD, 5:21-cv-01353-EJD, 5:21-01430-EJD, 5:21-cv-

01645-EJD, 5:21-cv-01708-EJD, 5:21-cv-02239-EJD, 5:21-cv-02525-EJD, 5:21-cv-

02572-EJD, 5:21-cv-02975-EJD, 5:21-cv-03322-EJD, 5:21-cv-03425-EJD, 5:21-cv-

04743-EJD cases shall be vacated.

(5)     An original of this CMO shall be filed by the Clerk in the Master File and in the

files for each of the Related Cases captioned above, and in the file of every case

subsequently consolidated herewith.

**Caption of Cases**

(6)     Every pleading filed in the Related Cases listed above shall hereafter bear the

following caption: "In re Accellion, Inc. Data Breach Litigation, Case No. 21-cv-01155-

EJD."

(7)     All papers previously filed and served to date in the Related Cases are part of the

record in 21-cv-01155-EJD.

**Filing and Docketing**

(8)     When a paper is filed and the caption shows that it is to be applicable to any of the

Related Cases, such paper shall be filed in the Master File (21-cv-01155-EJD) and the

Clerk shall note such filing in the Master Docket.  Such papers need not be filed, and

docket entries need not be made, in any other case file.

(9)     When a paper is filed and the caption shows that it is to be applicable to fewer than

all of the Related Cases, such paper shall be filed in the Master File.  In other words, it is

not necessary to file the paper in any case other than the Master File.

**Admission of Attorneys and Appearances**

(10)    Each attorney who has already made an appearance or been admitted pro hac vice

in any of the Related Cases shall be deemed admitted in In re Accellion, Inc. Data Breach

Case No.: 5:21-cv-01155-EJD
ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING
DEADLINES
7

Litigation, Case No. 21-cv-01155-EJD.

(11)     Counsel who have not yet entered an appearance shall file a Notice of Appearance in In re Accellion, Inc. Data Breach Litigation, Case No. 21-cv-01155-EJD.

**Application of This Order to Subsequently Filed or Transferred Cases**

(12)     Counsel in the above-captioned Related Cases shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in the Related Cases and that therefore might properly be consolidated or coordinated with the Related Cases.

(13)     Counsel in the Related Cases shall promptly mail a copy of this Order to counsel for plaintiff(s) in each such subsequently filed or transferred related action and to counsel for Defendants in each such action not already a party to the Related Cases.  Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Related Cases and counsel for Defendants shall submit to the Court a proposed order consolidating any such action.  Any party objecting to the application of this CMO to such a subsequently filed or transferred action, or objecting to consolidation with the Related Cases, shall file a motion seeking relief from this CMO within ten (10) days after the date upon which such a copy of this CMO is mailed by counsel in the Related Cases to counsel for such party.

**Filing and Service of Documents**

(14)     This case is assigned to the Electronic Case Filing (ECF) System.  The parties are referred to the Court's electronic filing requirements and procedures (http://www.cand.uscourts.gov/cm-ecf).

(15)     Papers that are filed through the Court's ECF system are deemed served on all parties.  Plaintiffs shall effect service of papers on Defendants by e-filing the papers in accordance with all applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on Defendants' counsel by electronic mail in accordance with the

Federal Rules of Civil Procedure.  Defendants shall effect service of papers on Plaintiffs by e-filing the papers in accordance with all applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on Interim Class Counsel by electronic mail in accordance with the Federal Rules of Civil Procedure.  All other service of papers (including service of process for initiating documents) shall be governed by the Federal Rules of Civil Procedure, unless otherwise agreed by the parties.

**Preservation of Evidence**

(16)     All named parties and counsel are reminded of their duty to preserve evidence that may be relevant to this case, including electronically stored information.  Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of foreign corporate or institutional parties, of their preservation obligations.

IT IS FURTHER ORDERED that all parties shall meet and confer to discuss and submit a proposed briefing schedule for the motion for appointment of interim co-lead class counsel pursuant to Rule 23(g) within **ten (10) days** of this Order.

**IT IS SO ORDERED.**

Dated: March 14, 2022

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:21-cv-01155-EJD
ORDER GRANTING MOTION TO CONSOLIDATE CASES AND SET SCHEDULING DEADLINES

9